Norman M. **SILVIA**, II, Petitioner,

v.

Timothy **HALL**, Superintendent, Respondent.

No. Civ.A.00–12610–REK.

United States District Court, D. Massachusetts.

Feb. 14, 2002.

Norman M. Silvia, Norfolk, MA, Pro se.

Thomas Dee, Assistant Attorney General Criminal Bureau, Boston, MA, for Respondent.

## Opinion

KEETON, District Judge.

### I. Pending Matters

Pending for decision are the matters associated with the following filings:

(1) Motion by Petitioner for Voluntary Dismissal Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure (Docket No. 14, filed June 6, 2001);

(2) Motion by Petitioner to Withdraw Motion for Voluntary Dismissal Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure (Docket No. 15, filed July 20, 2001);

(3) Motion by Petitioner to Amend Petition (Docket No. 18, filed August 21, 2001), with accompanying memorandum in support (Docket No. 19, filed August 21, 2001);

(4) Motion by Respondent to Dismiss Petition for Writ of Habeas Corpus (Docket No. 24, filed November 2, 2001), with accompanying memorandum in support (Docket No. 25, filed November 2, 2001); and

(5) Memorandum by Petitioner Showing that the Court Should Allow the Case to Proceed on its Merits (Docket No. 30, filed January 22, 2002).

### II. Motions Relating to Withdrawal and Voluntary Dismissal

Petitioner's Motion to Withdraw Motion for Voluntary Dismissal Pursuant to 41(a) of the Federal Rules of Civil Procedure (Docket No. 15) is not opposed by respondent (see Docket No. 31, filed November 2, 2001). The Order below allows Docket No. 14 to be WITHDRAWN.

### III. Motion to Amend Petition

Petitioner requests leave to amend (Docket No. 18) his petition. The substance of the amendment is to remove from the petition a paragraph that was previously labeled as supporting petitioner's claim of ineffective assistance of appellate counsel. That paragraph was as follows:

b) Appellate counsel and trial counsel were both employed by the Committee for Public Counsel Services which created a conflict of interest on appeal which abridged petitioner's right to effective assistance of counsel in violation of the sixth and fourteenth amendment to the United States Constitution.

Petition for Writ of Habeas Corpus (Docket No. 3, filed January 2, 2001) at 5–B.

The Motion for Leave to Amend the Petition is not opposed by respondent (see Docket No. 31), and I find it appropriate to allow it. The Order below allows Docket No. 18.

### IV. Motion to Dismiss

*A. Introduction*

Respondent recites the following statement of facts, which is consistent with the facts as presented by petitioner:

On March 23, 1997, a Bristol County Grand Jury indicted the petitioner on one count of armed assault with intent to murder; one count of burglary and armed assault on an occupant; one count of armed assault in a dwelling; and one count of assault and battery with a dangerous weapon.

After a five day jury trial (Chin, J.), the jury convicted the petitioner on all four indictments on October 17, 1994.

Over the Commonwealth's objection, the court dismissed the assault and battery with a dangerous weapon conviction as duplicative of the petitioner's conviction for armed assault with intent to murder. The court also dismissed the armed assault in a dwelling conviction as duplicative of the petitioner's conviction for burglary and armed assault on an occupant, without objection from the Commonwealth. On the remaining two convictions, the trial judge sentenced the petitioner to term of life imprisonment at M.C.I. Cedar Junction on the burglary and armed assault on an occupant conviction, and to a consecutive prison term of 18 to 20 years on the armed assault with intent to murder conviction. The court suspended the sentence on the armed assault with intent to murder conviction and placed the petitioner on probation with the conditions that he stay away from the victim and undergo intensive counseling and evaluation as deemed necessary.

The petitioner noticed a timely appeal on October 19, 1994, and the Commonwealth noticed an appeal on October 31, 1994. On September 10, 1997, the Massachusetts Appeals Court ("Appeals Court") affirmed the judgments of the trial court in an unpublished memorandum of decision and order pursuant to Mass.R.App.P. 1:28. The petitioner filed an Application for Further Appellate Review ("ALOFAR") with the Supreme Judicial Court ("SJC"), raising two claims: (1) that the trial judge erred by imposing a consecutive sentence for the assault with intent to murder conviction because it was too closely related to the burglary-armed assault charge. and (2) that the sentence for the assault with intent to murder conviction was illegal. On October 23, 1997, the SJC denied the petitioner's ALOFAR.

On November 13, 1997, the petitioner filed a motion for a new trial, claiming for the first time ineffective assistance of counsel on the following grounds: that trial counsel failed to make an opening statement, that he should have used mental impairment as a defense, and that counsel failed to object to the trial court's imposition of a consecutive sentence. On February 9, 1998, the trial court denied the petitioner's new trial motion, holding that the petitioner's ineffective assistance of counsel claims were waived since the petitioner did not raise these claims in his direct appeal. The petitioner noticed an appeal from the trial court's denial of his new trial motion on March 2, 1998.

On April 20, 1999, the Appeals Court affirmed the order denying the petitioner's motion for new trial in an unpublished memorandum and order pursuant to Mass.R.App.P. 1:28. The petitioner filed a second ALOFAR with the SJC, raising the following grounds: (1) that the Appeals Court erred by not reversing the trial court's ruling not to appoint new trial counsel for the petitioner, (2) that the petitioner's sentence was unconstitutional because the trial judge relied on unlawful considerations at sentencing, and (3) that the Appeals Court erred by finding the petitioner's ineffective assistance of counsel claims were waived. On January 7, 2000, the SJC denied the petitioner's ALOFAR.

The petitioner filed the present habeas corpus petition on January 2, 2001, pursuant to 28 U.S.C. § 2254, asserting the following claims: (1) ineffective assistance of trial counsel on the grounds that counsel failed to prepare or pursue the defense of mental impairment, (2) the trial court erred by denying the petitioner's motion for continuance and motion for appointment of substitute counsel, violating the petitioner's rights under the Sixth and Fourteenth Amendments, and (3) ineffective assistance of

appellate counsel on the grounds that appellate counsel failed to raise the claim that trial counsel was ineffective in the petitioner's direct appeal.

Docket No. 25 at 2–5 (citations and footnotes omitted).

Respondent has moved to dismiss the petition on the grounds that petitioner has not exhausted state remedies with respect to two of his claims. Respondent's contentions are explained more fully below. In its Memorandum and Order of November 8, 2001, this court ruled as follows:

In view of the respondent's contention that petitioner has not exhausted state remedies with respect to two of his claims, the court will allow petitioner a reasonable time to file in this court a voluntary dismissal without prejudice, or a voluntary withdrawal with prejudice of the unexhausted claims, or a showing that the court should allow the case to proceed in this court in spite of unexhausted claims.

Docket No. 28 at 2.

On January 22, 2002, petitioner filed a document entitled "Memorandum Showing that the Court Should Allow the Case to Proceed on its Merits" (Docket No. 30).

### B. Legal Standard for Exhaustion

The statute under which petitioner brings this petition expressly removes the power from this court to hear and decide the petition if the petitioner has not exhausted all available state remedies. *See* 28 U.S.C. §§ 2254(b) & (c). The United States Court of Appeals for the First Circuit, in construing this statute, noted:

[It is a bedrock principle that ] "under our federal system, the federal and state 'courts [are] equally bound to guard and protect rights secured by the Constitution.'" *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982) (*quoting Ex parte Royall,* 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed.

868 (1886)). Long ago, the Court concluded that a federal court should not consider questions posed in a habeas petition until the "power of the highest state court in respect of such questions" has been exhausted. *United States ex rel. Kennedy v. Tyler,* 269 U.S. 13, 17, 46 S.Ct. 1, 2, 70 L.Ed. 138 (1925). *See also Ex parte Royall,* 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886).

*Mele v. Fitchburg Dist. Court,* 850 F.2d 817, 819 (1st Cir.1988). The Court of Appeals explained further:

The exhaustion principle ensures that state courts have the first opportunity to correct their own constitutional errors. The principle enables us to accord appropriate respect to the sovereignty of the states in our federal system, and promotes comity by "minimiz[ing] friction between our federal and state systems of justice."

Comity, of course, knows some rational bounds. The precept, for example, does not require a habeas petitioner to exhaust every possible state procedure before bringing a claim to federal court. But the applicant is at risk to present the state courts with a fair opportunity to confront and correct an alleged infirmity. It is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present—or do his best to present—the issue to the state's highest tribunal.

*Id.* at 819–20 (citations omitted).

### C. Respondent's Contentions

Respondent contends that the court should dismiss the petition because the petitioner has failed to exhaust state remedies with respect to two of the three claims in his petition. Specifically, respondent claims (1) that the "ineffective assistance of trial counsel claim was never presented

to the SJC 'within the four corners of [either] ALOFAR,' " and is therefore not exhausted; and (2) that the "claim of ineffective assistance of appellate counsel in ground three of the petition" is unexhausted because it has never been presented to any state court. *See* Docket No. 25 at 7–8.

### D. Petitioner's Contentions

In his Memorandum Showing that the Court Should Allow the Case to Proceed on its Merits, petitioner makes two distinct assertions. First, he argues that the claims in his petition were presented to the SJC in his second ALOFAR, and were therefore actually exhausted:

> An application seeking Further Appellant Review was filed with the Massachusetts Supreme Judicial Court, FAR–11028. The issues of ineffective assistance of trial counsel; Failure to bring forth a defense, and ineffective of appellant (sic) counsel for failure to file an ineffective claim against the trial attorney on direct appeal, and additional arguments were st (sic) forth. Further legal review was denied on January 7, 2000.

Docket No. 30 at 3.

In the alternative, petitioner argues, in essence, that any omissions in his state court filings should be excused because they were themselves the result of the ineffectiveness of appellate counsel. *See* Docket No. 30 at 4–12.

### E. Actual Exhaustion

■ In respondent's Second Supplemental Answer (Docket No. 27, filed November 2, 2001), respondent provided the court with copies of, among other things, petitioner's May, 1999 application for further appellate review. *See* Docket No. 27 at Exhibit 12. At the time petitioner filed this second ALOFAR, he was not represented by counsel. This court has a duty to construe pro se submissions with some liberality, and does so in this case. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *see also Lema v. United States,* 987 F.2d 48, 54 n. 5 (1st Cir.1993).

■ The following excerpts from petitioner's second ALOFAR demonstrate that the claims of ineffective trial counsel and ineffective appellate counsel were placed before the SJC:

> The pro-se defendant in this matter filed a New Trial Motion with the superior court claiming a plethora of Mistakes Made by both his trial attorney and his Appellate Counsel, that in his estimation amounted to ineffective assistance of counsel. . . . The superior court however, denied the New Trial Motion, as did the Appeals Court in *Affirming* the superior court Order. **The ineffective assistance of counsel claims alleged by defendant in his new trial Motion *are* the subject of this Application For Further Appellate Review.**
>
> The trial judge in this case (Chin, J.), prior to trial denied an oral Motion by the defendant to have his appointed attorney removed from his case after the trial court had allowed him to withdraw his guilty plea. The reasons given by the defendant if true, would have surely reached the level of unethical Misconduct on the part of that attorney. Resulting from the superior court's denial of the change in counsel request, defendant was forced to proceed to trial with attorney of whom he had Made a complaint against with the Bar Counsel's Office. Subsequently, an ineffective claim was lodged via defendant's first new trial Motion against this same attorney alleging that he failed to present any defense at trial pursuant to the charges for which the defendant stands

convicted, as well as for failing to Object to the court's sentencing subsequent to said conviction.

Defendant's appointed Appellate Attorney refused to file an ineffective claim against the trial attorney on Direct Appeal. When appellate counsel was questioned about the possibility of future waiver claims Made by the Commonwealth, counsel ensured defendant that he ran no such risk so long as he presented any such claims in his first new trial Motion.

**In that new trial Motion, an ineffective claim was also Made against appellate counsel for his failure to Brief or argue trial counsel's ineffectiveness for failing to Object to the highly unusual sentence handed down in this case given the fact of the extraneous comments and considerations that were stated on the Record by the sentencing judge in determining sentence.** The defendant wrote his appellate counsel an specifically requested that he include the sentencing issue. However, counsel responded that in his estimation it was too late to file another supplemental Brief. That was said, even though the Government had not yet *responded* to any of the Briefs.

Nonetheless, the Appeals Court in a short Memorandum Decision essentially agreed with the Findings of the trial judge. That *no* abuse of discretion had taken place by the trial court's refusal to allow a change of counsel citing that the defendant's Motion had came at the 'last Minute'. Moreover, the Appeals Court determined · that there din't (sic) exist any instances amounting to ineffective assistance of counsel in this case.

Docket No. 27, Exhibit 12 at 3–5 (underlining in original, emphasis in bold face supplied, footnote omitted).

After setting forth the above-quoted "Statement of the Facts," petitioner pre-

sented three issues for further appellate review:

(I) Whether the Appeals Court erred by not reversing this case because of trial court's refusal to allow defendant a new appointment of trial counsel.

(II) Whether the sentence given by the Trial Court in this case violated defendant's Due Process rights and is therefore unconstitutional.

(III) Whether the Appeals Court erred in ruling that the defendant had somehow waived his constitutional right to the effective assistance of counsel.

*Id.* at 5 (emphasis removed).

In the argument that followed this statement of the issues, petitioner continued to refer to his assertions that his trial and appellate counsel were constitutionally ineffective. Although the argument was stated somewhat obliquely, this court recognizes that the substance of petitioner's claims in his second ALOFAR encompassed the ineffective assistance of both trial and appellate counsel.

Petitioner's argument with respect to the first of the above-quoted issues contended that his trial counsel was ineffective as well as contending that the court should have allowed his request for the appointment of new counsel to represent him.

Petitioner's argument with respect to the third of these issues is less clear. The Appeals Court Memorandum and Order from which petitioner was seeking further appellate review included the statement that petitioner had waived certain arguments by failing to raise them on direct appeal. *See* Docket No. 27, Exhibit 11. In response, petitioner argued, in substance, that any waiver should be excused as arising itself from the ineffective assistance of appellate counsel.

On this record, I conclude that petitioner "fairly presented" his arguments with respect to the ineffective assistance of trial and appellate counsel to the SJC in his second ALOFAR. *Mele*, 850 F.2d at 820. The facts in this case are easily distinguishable from those in *Mele*, on which respondent relies in this case in his memorandum in support of the motion to dismiss. *See* Docket No. 25. In that case, "Mele's ALOFAR did not mention the constitutional issues in his statement of points, nor did it allude to those issues in explaining why further appellate review was appropriate." *Mele*, 850 F.2d at 820–21. Here, in contrast, petitioner's ALOFAR raised the constitutional issues repeatedly, and in plain terms.

Because I find that petitioner has exhausted his claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel, I do not consider petitioner's alternative argument that I should waive the exhaustion requirement.

Petitioner has exhausted his claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. The Motion to Dismiss the Petition, therefore, is DENIED in the Order below.

### ORDER

For the reasons stated in the memorandum above, it is ORDERED:

(1) Motion by Petitioner to Withdraw Motion for Voluntary Dismissal Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure (Docket No. 15, filed July 20, 2001) is ALLOWED;

(2) Motion by Petitioner for Voluntary Dismissal Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure (Docket No. 14, filed June 6, 2001) is WITHDRAWN;

(3) Motion by Petitioner to Amend Petition (Docket No. 18, filed August 21, 2001) is ALLOWED;

(4) Motion by Respondent to Dismiss Petition for Writ of Habeas Corpus (Docket No. 24, filed November 2, 2001) is DENIED; and

(5) Memoranda addressing the merits of this Petition for Writ of Habeas Corpus will be filed on the following schedule:

(a) Petitioner may file his Memorandum in Support on or before April 15, 2002;

(b) Respondent may file a Memorandum in Opposition on or before May 15, 2002;

(c) Petitioner may file a reply on or before June 17, 2002.